Hojrnblower, C. J.
I concur with Mr. Justice Ford in discharging the rule to shew cause in this case, but I see no reason to change the opinion expressed in my charge to the jury, as to the continued liability of the defendants upon a special guaranty, notwithstanding a dissolution of the partnership. It is true, that a party cannot after notice of a dissolution, deal with one or more of the late partners, so as to bind the partnership; but that is a very different case from the one before the Court. The plaintiffs’ right of recovery does not depend on the contract made after the dissolution. Nor, is their claim founded upon a continued dealing with one of the partners, after they had dissolved partnership ; nor yet, upon a new credit given to them after that event. But the plaintiffs’ right of recovery is founded upon a eontinu'm// guaranty, entered into by the partnership to pay the tolls of a *168 certain line of stages, so long, as the company would permit that line of stages to pass through its gates, without interruption. The credit, either before or after the dissolution, was not given to them upon their general implied-liability as partners; but upon the faith of their express promise and undertaking to pay these tolls as they accrued. If therefore the defendants, when they dissolved partnership, or at any other time, intended to put an end to this contract, they ought to have done so by giving the Turnpike Company notice, that they would no longer be responsible for the accruing tolls of that line of stages. If the line of stages had belonged to the partnership and the plaintiffs had trusted them with the tolls upon their general liability as partners; then no doubt upon a dissolution of the partnership, when the stages ceased to belong to, or to be run by the partnership, the partnership liability would have ceased, and the plaintiffs must have looked for their tolls to the new proprietors. But not so in this case.
If however the charge was wrong in this respect, yet it so manifestly appears upon the whole case, that the jury have found just such a verdict as they ought to have done, if no such charge had been delivered, that I am clearly of opinion, a new trial ought to be refused.
RyebsOjst, J.
This action was brought to recover certain tolls, to a large amount, claimed by the plaintiffs, of the defendants, as surviving partners of the late firm of John Gulick and Sons. The tolls were originally charged against that firm, by the order and direction of John Gulick, the father, now deceased. The tolls accrued from 1817 to 1826, inclusive for the passage on the plaintiffs’ road, by sundry stages.. But by the interposition of a plea of the .statute of limitations, they were barred of any recovery, except for about the two last years. These stages were owned by divers persons, including the defendants. From 1817 to 1821, inclusive; it seems not to be disputed but that the defendants and-their deceased partners as a firm of copartnership, were interested therein, though not the entire owners of the line or lines. Subsequent to that period, it is denied by the defendants, that they were thus interested; though some, if not all the individuals composing the firm, were interested, (but, as they say,) on *169 their individual accounts. It was further insisted, that the firm of John Gulick and Sons, was wholly, and absolutely dissolved in 1821, and that with that dissolution, and the notice thereof, to the plaintiffs, the defendants’ liability, on the assumption of one of the firm, in the name of the firm, ceased. Evidence was given on -the trial of the cause, the tendency of which was to show, that the general partnership of John Gulick and Sons, continued down to the close of this account for tolls, in 1826 : Or at the least, that the plaintiffs were warranted, in so accepting it. W hile on the other hand, a variety of evidence was given to show its termination in 1821.
On the argument of the cause here, it was urged, that the action was not sustained, by the evidence. That the declaration contained only general counts, whereas, the evidence would only warrant a verdict, on a special count, the undertaking being collateral, or a guaranty for the performance of a third party, the general company of stage owners. But this is a mistake of the fact. It was, if any thing, a direct and original undertaking. It was the request and direction of J. Gulick and tíons, that these stages, should be permitted to pass the gates : and their promise to pay the tolls thereupon. Whether they owned the whole, or only a part thereof, could make no difference: nor even if they had no interest therein. When any person directs and requests horses and carriages to travel a turnpike road, at his expense, and on his responsibility, it surely cannot be necessary lor the proprietors of the road, to enquire who owns them ; a general and absolute indebtedness arises; and a general and •absolute assumpsit is implied in law, which may be the subject of an action equally general.
Equally untenable, I esteem another objection urged, that this was a matter in which one partner could not bind his associates. Part of the business in which the partnership was engaged, was the running of stages. Incident to this, was the payment of the toils in question; a necessary payment and for the advantage of the firm. And it can make no difference, that other persons were interested therein. It was the very business in which the firm was engaged; running stages in company with other persons. And whatever became necessary to be done in pursuit thereof, might be done by one of the firm, as effectually as if all were consulted and concerned.
*170 With regard to various other matters urged on the trial; and on the argument before the court, I deem it unnecessary to express any opinion. They seem to be immaterial, according to the instruction given to the jury. If that instruction were correct, the verdict is right. If it were not correct, a question might arise, whether on that account, the verdict should be set aside. The part of the charge to which I allude, is that which recognizes the contract of Gulick and Sons, as remaining in force, notwithstanding any dissolution of the partnership, until revoked, or the Turnpike Company had express notice that Gulick and Sons did not intend to be longer held. To the law of this opinion, I perceive no objection. A contract made with a company of merchants or other joint dealers, can never be abrogated, merely by the dissolution of their connection. The least that they could do, to relieve themselves from the performance, would be, to give notice that they should not continue the performance, and that the other party was not desired, or expected, to perform, on his part. And the only doubt that can exist in this case, respects the facts to which the opinion applies. Were the company of stage-owners, on whose account the tolls in question were claimed, and that for whom the assumption was made, substantially the same, or running the same line of stages ? Or, were they entirely different concerns, distinct lines? Upon the answers to these questions, which are of fact merely, must depend the correctness of the instruction given to the jury. The charge seems to take it for granted that they were the same, substantially. But the counsel of the defendants, argued here, (though as it would seem, not at the Circuit,) on a contrary hypothesis. I however, perceive nothing in the case, as presented to me, from which I am warranted in taking a different view of the evidence, from that adopted by the Judge on the trial. I would only add, that in my idea of identity, of a line of stages, or company of stage-proprietors, identity of individuals owning or composing the same, is not an essential. The last may be changed from time to time till none of the original proprietors shall remain, and the former be not impaired. In the same manner, a change of name, does not, of necessity, imply a change of identity, in the company
But if I am wrong in my view of the charge, or the fact on *171 which it rests, still, this motion ought not to prevail. The verdict is manifestly according to the justice of the case. The evidence is so strong, that this whole firm of J. Guliek and Sons, either collectively, or individually, had full knowledge of the charge against them as a continuing partnership, without a solitary voice raised against it; and that they received among them, the full amount of the tolls in question, from the more general association of stage owners; that I think no jury ever could or would find a verdict in their favor, as between them and the plaintiffs, resting on the fact of a dissolution of the partnership with notice thereof.
I am therefore, of opinion, on the whole case, that the rule to show cause, &c. must be discharged, with costs.

Mule discharged.

Cited in Joslin v. N. J. Car Spring Co., 7 Vr. 147.